UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY JACKSON,

    Plaintiff,

v.Hon. Robert J. Jonker

GRAND RAPIDS POLICECase No. 1:25-cv-317
DEPARTMNT, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

    Plaintiff Jeffery Jackson filed his pro se complaint in this case on March 21, 2025, invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. He sues the Grand Rapids Police Department (GRPD) and GRPD Officers Corey Burns, Troy Bloomer, Unknown Nevins, and Unknown Hope, as well as Walden Security and Unknown Walden Security Guard.

    Because Plaintiff has been granted permission to proceed as a pauper (ECF No. 7), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. After conducting this review, I recommend that the Court dismiss Plaintiff's federal claims for failure to state a claim.[1] I further

---

[1] Although Plaintiff sued me in Case No. 1:25-cv-264, in which I recused, I find no need to do so here. "Recusal is not required simply because one of the parties has initiated litigation against the presiding judge." *Callihan v. Eastern Ky. Prod. Credit Ass'n*, No. 89-5578, 1990 WL 12186, at *2 (6th Cir. Feb. 13, 1990) (citing *United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986)); *see also In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties."); *Garvins v. Hofbauer*, No. 2:09-cv-48, ECF No. 20 at PageID.324 (W.D. Mich. June 26, 2009) ("The mere fact that a plaintiff has filed a complaint for judicial misconduct against a judge cannot automatically require recusal of that judge."); *United States v. Arnold*, No. 2:13-cr-6, 2015 WL 13239175 (W.D. Mich. Dec. 23, 2015) (denying motion to disqualify where

recommend that the Court dismiss Plaintiff's state-law breach of fiduciary duty claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## I. Background

Plaintiff alleges that on March 20, 2025, he arrived at the federal courthouse in Grand Rapids, Michigan, to file legal documents in the clerk's office. Upon arriving, he observed a suspicious woman loitering outside the building and decided to leave his bag near the doorway instead of in the bushes. The woman apparently walked inside the courthouse, accused Plaintiff of following her, and demanded that the Court Security Officers (CSO) call the police. A CSO then ordered Plaintiff to leave the building. When Plaintiff refused to comply with the Order, the CSO placed his arm on Plaintiff's person, apparently in an attempt to guide him toward the door. (ECF No. 1 at PageID.2.)

Shortly thereafter, GRPD Officers Burns and Bloomer arrived and arrested Plaintiff. They then placed him in the front seat of a police SUV, and Officer Burns performed a pat-down search. Plaintiff claims Officer Burns grabbed his genitalia multiple times during the search. Plaintiff alleges that he verbally objected and requested a different officer to complete the search, but Officer Bloomer refused his request, and Officer Burns resumed searching Plaintiff and again grabbed Plaintiff's genitalia. Plaintiff alleges that when he objected, the officers charged him with "failure to obey a command of a peace officer." (*Id.* at PageID.2–3.)

The next day, Plaintiff went to the GRPD to obtain a copy of the police report. However, Officer Hope denied his request for copy of the report and instead told him to file a Freedom of

---

the movant had filed a criminal complaint, complaint of misconduct, and civil lawsuit against the presiding judicial officer).

Information Act request. Plaintiff then spoke to Officer Nevins, who also denied his request for a copy of the police report. (*Id.* at PageID.4.)

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

### A.     Criminal Statutes, RICO Claim, and Section 1985(3) Claim

Plaintiff alleges that Defendant Burns violated 18 U.S.C. § 242 and that Defendants GRPD, Burns, Bloomer, and the Walden Security CSO violated 18 U.S.C. § 1512. Any claim based on these statutes (Counts 3 and 4) is meritless because they are criminal statutes that provide no private right of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming dismissal of claim pursuant to Section 242 because there is no private right of action under this criminal statute); *Cassaday v. Pure Options*, No. 1:22-cv-532, 2022 WL 2663093, at *3 (W.D. Mich. July 11, 2022) (noting that courts have found that Section 1512 does not give rise to a private right of action); *Selmon-Austin v. Wells Fargo Bank*, No. 2:21-CV-02724, 2022 WL 3337274, at *5 (W.D. Tenn. May 4, 2022), *report and recommendation adopted*, 2022 WL 18141470 (W.D. Tenn. Sept. 7, 2022) ("The plain language of Sections 241, 242, and 245 reveals that they each are criminal statutes that do not provide for a private right of action."); *Lath v. Oak Brook Condo. Owners' Ass'n*, No. 16-CV-463, 2017 WL 1051001, at *13 (D.N.H. Mar. 20, 2017) (finding that "18 U.S.C. § 1512 does not provide for a private right of action").

In Count 4, Plaintiff purports to allege a claim under 42 U.S.C. § 1985. Although he does not identify the specific subsection, it appears that he brings a conspiracy claim under Section 1985(3). Such a claim is nothing more than a label; Plaintiff makes no attempt to allege any element of a conspiracy claim under this statute.

Count 6 alleges a civil claim against all Defendants under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. This claim too amounts to nothing more than a label, as Plaintiff makes no attempt to even parrot the elements of a RICO claim, much less provide supporting facts. *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012) (a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4)

4

of racketeering activity" to establish a RICO claim) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).

### B. Walden Security Defendants

Plaintiff alleges in Count 2 that the Walden Security Defendant CSO violated his rights under the Fourth Amendment by using excessive force and assaulting him. First, this claim fails because the CSO is not a state actor for purposes of 42 U.S.C. § 1983. *See Hester-Bey v. Ford*, No. 13 CV 4656, 2015 WL 4910570, at *5 (E.D.N.Y. June 8, 2015), *report and recommendation adopted*, 2015 WL 4910576 (E.D.N.Y. Aug. 13, 2015) (recognizing that a CSO was not a state actor for purposes of Section 1983).

But even if Plaintiff had brought the claim as a *Bivens* action, Plaintiff's own allegations show that the CSO was justified in using some force and that the force used was not excessive. Plaintiff did not have an absolute right to enter the courthouse. Rather, he was an invitee, just like an invitee of an ordinary business. *See Winfield v. United States*, No. 2:08-CV-237, 2009 WL 4255544, at *4 (N.D. Ind. Nov. 23, 2009) ("Ms. Winfield was a public invitee as she was on the premises of the federal courthouse for the purpose of her bankruptcy hearing."). Like any other citizen, Plaintiff was permitted to enter the courthouse to conduct his business subject to applicable rules and restrictions. However, the CSO's order to leave effectively revoked this permission. *See* Mich. Comp. Laws § 750.552(1)(b) (providing that "a person shall not . . . [r]emain without lawful authority on the land or premises of another after being notified to depart by the owner or occupant or the agent of the owner or occupant"). In other words, Plaintiff's status changed from invitee to that of a trespasser when he refused to leave. It is well established that a proprietor or possessor of property is entitled to use "reasonably necessary force" to remove a person originally lawfully on the premises who has refused a notice or request to leave. *See Durante v. Fairlane Town Ctr.*, 201

F. App'x 338, 343 (6th Cir. 2006) ("The detention and removal of a criminal trespasser is an essential power of any shopkeeper or other property owner and not one left exclusively to the State of Michigan."). *See generally* 6A C.J.S. Assault § 32. Plaintiff's admitted refusal to leave provided the CSO justification to use reasonably necessary force to remove Plaintiff. The force—placing an arm on Plaintiff—was not excessive by any measure, particularly because Plaintiff does not allege that the force was violent or caused him any injury or pain. Thus, Plaintiff's excessive force/assault claim against the CSO and Walden Security should be dismissed.[2]

### C.     GRPD Defendants

Plaintiff fails to state a claim against the GRPD Defendants. First, the claim against the GRPD fails because a police department is not an entity capable of being sued. *See May-Shaw v. City of Grand Rapids*, No. 1:19-cv-117, 2019 WL 2265076, at *3 (W.D. Mich. May 28, 2019) ("It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action.") (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997)). Thus, Plaintiff has no claim against the GRPD.

Plaintiff alleges that Officers Burns and Bloomer violated the Fourth Amendment by arresting him without probable cause. A police officer has probable cause to arrest a person "where the 'facts and circumstances within the officer's knowledge [ ] are sufficient to warrant a prudent person . . . in believing . . . that the suspect committed, is committing, or is about to commit an

---

[2] Plaintiff alleges that the CSO, Walden Security, and Officers Burns and Bloomer obstructed justice by preventing him from filing his legal documents. However, Plaintiff's own conduct led to his inability to file his legal documents on March 20, 2025. Nonetheless, Plaintiff suffered no injury, as he returned to the federal courthouse the following day and filed the instant action and returned on March 24, 2025, to file three more actions, Nos. 1:25-cv-323, 1:25-cv-324, and 1:25-cv-325. There is no indication that court personnel have ever prevented Plaintiff from filing a lawsuit in this district.

offense.'" *Smith v. City of Wyoming*, 821 F.3d 697, 715 (6th Cir. 2016) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). Here, at a minimum, Officers Burns and Bloomer had probable cause to arrest Plaintiff for criminal trespass, Mich. Comp. Laws § 750.552(2), based on his admitted refusal to leave the federal building after being told to do so. Thus, Plaintiff fails to state a claim for unlawful arrest.

Plaintiff also alleges that Officer Burns violated the Fourth Amendment by grabbing his genitals several times while conducting a pat-down search. Under the Fourth Amendment, in effecting an arrest, a police officer is entitled "to use some degree of physical coercion or threat thereof," so long as the force is objectively reasonable. *Graham v. Connor*, 490 U.S. 386, 396–97 (1989). Officers violate the constitution when they use excessive force to effect an arrest. *Puskas v. Delaware Cnty.*, 56 F.4th 1088, 1093 (6th Cir. 2023). Plaintiff does not allege that Officer Burns or Officer Bloomer used excessive force in effecting his arrest. Rather, he was arrested and placed in the police SUV without incident. Plaintiff simply alleges that Officer Burns grabbed his genitals during the routine pat-down search for weapons or other objects once Plaintiff was in the police SUV.

Courts have held that a plaintiff's allegation that a police officer touched or grabbed the plaintiff's genitals or other private area during a pat-down search outside of the plaintiff's clothing does not state a claim under the Fourth Amendment. *Bradley v. United States*, 299 F.3d 197, 201 (3d Cir. 2002) (pat-down search performed on woman by female United States Customs Service agent did not violate Fourth Amendment notwithstanding allegation that inspector allegedly used fingers to "inappropriately push" on the plaintiff's breasts and outer portions of her genitalia through her dress); *Fontana v. Haskin*, 262 F.3d 871, 880 (9th Cir. 2001) (observing that "not every truthful allegation of sexual bodily intrusion during an arrest is actionable as a violation of

7

the Fourth Amendment [because] . . . [s]ome bodily intrusions may be provably accidental or *de minimis* and thus constitutionally reasonable"); *Jones v. City and Cnty. of Denver*, No. 21-cv-00728, 2022 WL 20380587, at *4 (D. Colo. Apr. 12, 2022), *report and recommendation adopted*, 2022 WL 20380589 (D. Colo. May 2, 2022) ("The allegations as plead, which suggest only that Deputy Sheriff Weingart swiped his hand between Mr. Jones' buttocks, are insufficient to show a Fourth Amendment violation."); *Hill v. Blum*, 916 F. Supp. 470, 472–73 (E.D. Pa. 1996) (touching and squeezing of an inmate's genitals during a routine pat down search did not violated the Fourth Amendment or the Eighth Amendment); *Friedman v. Young*, 702 F. Supp. 433, 438 (S.D.N.Y. 1988) (holding that the plaintiff failed to establish a Fourth Amendment violation because "[a]ssuming [the defendant's] pat-down included touching Friedman's genitalia while conducting the search, such conduct is not unreasonable in the absence of any showing of excessive force."). As one court observed in the context of an Eighth Amendment claim:

> [a]ny manual search of an individual's body will require some amount of manipulation of the genitals in order to accomplish the purpose of the search. Although "grabbing" and "tugging" could cause some discomfort and embarrassment, it does not rise to the level of "unnecessary and wanton infliction of [pain]" so long as it occurs as part of an otherwise justified search.

*Cherry v. Frank*, No. 03–129, 2003 WL 23205817, at *12 (W.D. Wis. Dec. 4, 2003), *aff'd*, 125 F. App'x 63, 66 (7th Cir. 2005). Because Plaintiff alleges nothing more than uncomfortable or embarrassing touching during an otherwise routine pat-down search, he fails to state a Fourth Amendment claim.

Plaintiff does not allege a specific count against Officers Hope and Nevins. However, he indicates elsewhere in his complaint that they violated his right to due process under *Brady v. Maryland*, 373 U.S. 83 (1963) by denying him a free copy of the police report. *Brady* held that a criminal defendant's due process rights are violated if the prosecution suppresses exculpatory evidence that is material to the defendant's guilt or punishment. *Id.* at 87. *Brady* has no application

here. Plaintiff does not allege that he was facing criminal charges or that the police report provided exculpatory evidence. *Brady* does not hold, as Plaintiff seems to think, that an indigent individual is always entitled to a free copy of a police report. Accordingly, Plaintiff fails to allege a constitutional violation by Officers Hope and Nevins.

### D. State Law Claim

Plaintiff purports to allege a state-law claim of breach of fiduciary duty. If the Court agrees with the foregoing recommendation to dismiss the federal claims, I recommend that it exercise its discretion to decline supplemental jurisdiction and dismiss the state-law claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Generally, the Court should decline to hear state-law claims when all federal claims are dismissed before trial. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) (citing *Carnegie–Mellon v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.")). Here, the litigation has just commenced, and Plaintiff may properly pursue his remaining claim in state court. *See Kelly v. City of New Philadelphia*, No. 5:20-cv-211, 2020 WL 2126665, at *3 (N.D. Ohio May 5, 2020) (declining to exercise supplemental jurisdiction where all of the federal claims were dismissed "at this early stage of litigation").

### III. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's federal-law claims for failure to state a claim and dismiss his state-law claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.

9

1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: April 15, 2025　　　　　　　　　　　　　　　/s/ Sally J. Berens
　　　　　　　　　　　　　　　　　　　　　　　　SALLY J. BERENS
　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

　　　OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).